UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-525-FDW

| | |
|---|---|
| WILLIAM HENRY MORRIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>QUEEN CITY BONDING, NO LIMIT BAIL )<br>BONDING, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e), (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

**I.    BACKGROUND**

Pro se Plaintiff Willam Henry Morris is a pre-trial detainee of the State of North Carolina, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. On September 19, 2013, Plaintiff filed this lawsuit using a form for actions brought pursuant to 42 U.S.C. § 1983. Plaintiff names as "Defendants Queen City Bonding" and "No Limit Bail Bonding." (Doc. No. 1). Plaintiff alleges the following in his Complaint:

> On January 7, 2013 at 12:00 pm I was bonded out of Mecklenburg County Jail by Queen City Bonding and No Limit Bonding. They split my bond because my bond was 200,000[,] [and] it was too much for Queen City Bonding to do by [themselves]. Once I was release[d] by Mecklenburg County Jail, Queen City Bonding and No Limit Bonding [were] waiting for me outside little [sic] did I know. They handcuffed and [shackled] me and told me that they needed land for my bond too, which [sic] they never stated that they needed land or a house for my bond[.] [T]hey told me I could pay the 10% or 5% on the 200,000 so I had my girlfriend … use the hard-earned money I [have] been saving for school to pay my bond so she gave them the $15,000 I [have] been saving, which is more than

1

> 10% or 5%. So once I was in [their] custody they asked me did I [know] anybody who ow[ns] a house or land and they wouldn't let me use a phone to let my girlfriend know I was out. So I told them that my aunt own[ed] her house[.] [T]hey took me to her house and she wasn't there[.] [T]hey told me they had to bring me back to jail because I didn't [know] anybody who own[ed] a house or land and they [were] going to keep my money. Were [sic] as I was never out I was in [their] custody the hole [sic] time handcuffed and shackled for an hour and they never told me or my girlfriend that they need[ed] a house or land and money for my bond that would [have] been way more than what my bond was and they treated me as [if] I was a threat were [sic] as this my first time arrested and was trying to bond out to prove my innocences [sic].

(Id. at 4; 6). As relief, Plaintiff states that he "would like to get my hard-earned money back because I was never free [on] my own will, which is the $15000 and think they should be watched because if they did this to me I am pretty sure that this [was] not [their] first time, getting[,] as they say[,] "easy money." (Id.).

## II. STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, Plaintiff's inmate trust account statement shows that as of September 24, 2013, Plaintiff had $6.18 in his inmate trust account. (Doc. No. 5 at 2). As he does not have sufficient funds to pay the filing fee, Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

As noted, Plaintiff filed this action on a form used for actions brought under 42 U.S.C. §

1983.  Plaintiff alleges factual allegations only.  He does not allege the violation of any federal or constitutional claim arising under 42 U.S.C. § 1983.  Moreover, Plaintiff has not alleged that Defendants, who both appear to be private actors, were acting under color of state law.  See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337 (4th Cir. 2000).  The Court recognizes that private actors can be considered to be acting under color of state law where "a private party and a public official act jointly to produce the constitutional violation."  See Jackson v. Pantazes, 810 F.2d 426, 429-30 (4th Cir. 1987) (holding that bail bondsman was state actor where he searched a home for a felon with a police officer).  Here, however, Plaintiff does not allege that any public official was acting jointly with Defendants, or that any public official directed Defendants to participate in the alleged conduct.  In sum, the Court will dismiss this action for failure to state a claim.

## IV.  CONCLUSION

For the reasons stated herein, the Court dismisses this action for failure to state a claim.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed for failure to state a claim.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

Signed: October 8, 2013

Frank D. Whitney
Chief United States District Judge